| STATE OF INDIANA | ) | IN THE PORTER CIRCUIT/SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF PORTER | ) | CAUSE NO. _____ |

| | |
|---|---|
| VU NGUYEN AND ) | |
| DUYEN NGUYEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE AUTO PROPERTY & ) | |
| CASUALTY INSURANCE COMANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Vu Nguyen and Duyen Nguyen ("Plaintiffs"), by counsel, for their Complaint and Demand for Jury Trial against State Auto Property & Casualty Insurance Company, allege and states as follows:

### Parties

1. At all times relevant, Plaintiffs were citizens of the State of Indiana and owned real estate and other property located at 359 Devon Road, Valparaiso, IN 46385.

2. Defendant State Auto Property & Casualty Insurance Company ("State Auto") is an insurance company with headquarters located in Columbus, Ohio. State Auto is duly licensed with the Indiana Department of Insurance to conduct business and provide certain types of insurance in the State of Indiana, including homeowners insurance. State Auto maintains offices in Indiana and routinely conducts business throughout the state, including in Porter County, Indiana.

3. State Auto's registered agent for service of legal process in the State of Indiana is Corporation System Company, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204-2448, in Marion County, Indiana.

4. Venue is proper in this Court.

## Factual Allegations

5. On August 28, 2021, there was in force a valid policy of insurance, Policy Number 1001248179 (the "Homeowners Policy") issued by State Auto to Plaintiffs, insuring, among other things, the structure and contents of the residential property located at 359 Devon Road, Valparaiso, IN 46385 (the "Residence"). A copy of said Homeowners Policy is attached hereto as **Exhibit A** and is incorporated by reference.

6. On December 18, 2021, a devastating fire occurred at the location of the Residence causing substantial harm to the Residence and Plaintiffs' personal property located there.

## COUNT I – BREACH OF CONTRACT

7. Plaintiffs incorporate by reference paragraphs 1 – 6 of the Complaint as if set forth herein in his entirety.

8. Plaintiffs timely reported the loss to State Auto and submitted all necessary paperwork and complied with all the terms and conditions of the Homeowners Policy.

9. State Auto failed and/or refused to pay Plaintiffs' claims in full and/or in a timely and appropriate manner.

10. State Auto breached its insurance contract by, among other things, failing to timely and properly accept Plaintiffs' proofs of loss and failing to pay to Plaintiffs the amounts due under the Homeowners Policy.

11. As a direct and proximate result of State Auto's breach of the contract, Plaintiffs have suffered and continue to suffer damages including, without limitation:

    a. direct damages;

    b. consequential damages;

    c. incidental damages;

    d. prejudgment interest; and

    e. other damages not yet identified.

WHEREFORE, Plaintiffs, by counsel, pray for damages for Defendant State Auto's breach of contract, and for all other relief just and proper in the premises.

## COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

12. Plaintiffs incorporate by reference paragraphs 1 – 11 of the Complaint as if set forth herein in their entirety.

13. State Auto breached its duty to act in good faith in dealing with Plaintiffs, both in the manner in which it handled Plaintiffs' claim for loss and damage caused by the fire, in failing to timely communicate with Plaintiffs regarding its coverage position, and in making its ultimate coverage determination under the Homeowners Policy, which, by virtue of its failure and/or refusal to acknowledge coverage, amounts to a de facto denial of Plaintiffs' claim.

14. State Auto acted with malice, fraud, gross negligence and oppressiveness in refusing to pay Plaintiffs' full claim under the Homeowners Policy and in how it handled the claims and treated Plaintiffs during the process of investigating the loss, the claim, and allegedly investigating coverage under the Policy for the Loss.

15. State Auto's failure to pay Plaintiffs' claim in a timely manner, failure to pay the appropriate value of the claim, failure to timely advise Plaintiffs of its coverage position, and

treatment of its insureds under the circumstances of Plaintiffs' loss was unfounded and was based on a furtive design by State Auto to avoid payment of proceeds due and/or to delay making payments.

16. As a proximate result of State Auto's breach of the duty of good faith and fair dealing, Plaintiffs have been damaged further, and over and above the already significant loss and damage caused by the fire loss.

WHEREFORE, Plaintiffs, by counsel, pray that the Court assess damages against State Auto in an amount sufficient to compensate Plaintiffs for direct and consequential damages suffered as a result of the breach of contract and such damages as may be due Plaintiffs as a result of State Auto's bad faith, as well as pre and post-judgment interest, attorney fees, and other appropriate relief as may be just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiffs demand trial by jury.

Respectfully submitted,

By: /s/ Michael L. Schultz
Michael L. Schultz (20361-49)
PARR RICHEY FRANDSEN PATTERSON
 KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN 46204
Telephone: (317) 269-2500
Facsimile: (317) 269-2514

*Attorney for Plaintiffs, Vu Nguyen and Duyen Nguyen*

1863777

4